702 A.2d 471

NOREEN LONDON BATSON, PLAINTIFF–RESPONDENT, v. LEDERLE LABORATORIES, A DIVISION OF AMERICAN CYANAMID COMPANY, A MAINE CORPORATION DOING BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT–APPELLANT.

CATHY A. LONDON, PLAINTIFF–RESPONDENT, v. LEDERLE LABORATORIES, A DIVISION OF AMERICAN CYANAMID COMPANY, A MAINE CORPORATION DOING BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT–APPELLANT; AND PFIZER, INC.; AND BRISTOL–MYERS SQUIBB COMPANY, KNOWN FORMERLY AS E.R. SQUIBB & SONS, INC., DEFENDANTS.

Argued September 8, 1997—Decided October 28, 1997.

*Kevin R. Jespersen* argued the cause for appellant Lederle Laboratories (A–4) (*Slattery McElwee & Jespersen,* attorneys).

*William C. Slattery* argued the cause for appellant Lederle Laboratories (A–3) (*Slattery, McElwee & Jespersen,* attorneys).

*James I. Peck, IV,* argued the cause for respondents Noreen London Batson and Cathy A. London

PER CURIAM.

These cases involve claims for teeth staining from the ingestion of tetracycline, an antibiotic prescribed for the treatment of upper respiratory tract infections. This Court has previously articulated the controlling principles regarding the liability of drug manufacturers in failure to warn causes of action involving tooth discoloration caused by ingestion of tetracycline. *See, e.g., Savage v. Old Bridge–Sayreville Med. Group,* 134 *N.J.* 241, 633 *A.*2d 514 (1993); *Feldman v. Lederle Lab.,* 132 *N.J.* 339, 625 *A.*2d 1066 (1993); *Apgar v. Lederle Lab.,* 123 *N.J.* 450, 588 *A.*2d 380 (1991).

The facts in plaintiff London's case have been clearly stated by the Appellate Division in its published opinion. 290 *N.J.Super.* 318, 321–26, 675 *A.*2d 1133 (1996). Based on special interrogatories submitted to the jury, the trial court molded a verdict and entered judgment in London's favor for $43,200 for dental expenses and $7,500 for pain, suffering, and emotional distress. The jury found that London was not entitled to collect punitive damages.

On appeal, Lederle argued that it was entitled to judgment notwithstanding the verdict. London, in her cross-appeal, sought an additur, or in the alternative, a new trial for compensatory damages, and a new trial for punitive damages. The Appellate Division held:

> The matter must be remanded for a new trial on the issues of (1) whether defendant's failure to warn was a proximate cause of plaintiff's injuries, and if the jury so determines, (2) how the compensatory damages should be allocated, and (3), applying the procedures dictated by *Herman v. Sunshine Chemical Specialties, Inc.,* [133 *N.J.* 329, 627 *A.*2d 1081 (1993)], and the appropriate jury instructions, whether punitive damages are to be awarded to plaintiff. The balance of the jury's findings shall stand and be incorporated in the new judgment, if any, against defendant. As we have noted in the companion case of *Batson v. Lederle Laboratories,* the two cases are to be consolidated for the trial in *Batson* and the retrial of this case.
>
> [*London, supra,* 290 *N.J.Super.* at 335–36, 675 *A.*2d 1133.]

We granted Lederle's petition for certification. 147 *N.J.* 261, 686 *A.*2d 763 (1996).

■ We agree that a new trial is warranted substantially for the reasons expressed by the Appellate Division. We differ, however, regarding the scope of the new trial. By restricting the scope of the new trial to punitive damages, proximate cause, and the allocation of compensatory damages, the jury's fact finding role will artificially and unrealistically be restricted. To avoid a "miscarriage of justice under the law," we direct that a new trial on all issues be conducted. *Dolson v. Anastasia,* 55 *N.J.* 2, 7, 258 *A.*2d 706 (1969); *R.* 4:49–1(a).

■ In the companion case of *Batson v. Lederle,* reported at 290 *N.J.Super.* 49, 674 *A.*2d 1013 (1996), the Appellate Division

concluded that based on the doctrine of affirmative collateral estoppel, the jury's finding in *London*, that Lederle had actual or constructive knowledge in 1958–1959 of the tooth staining effect of tetracycline and its failure to issue an appropriate and timely warning, should be controlling in *Batson*. *Id.* at 55–56, 674 *A*.2d 1013. Because we have ordered a new trial on all issues in *London*, and because we agree with the Appellate Division that under the circumstances the two trials should be consolidated pursuant to *Rule* 4:38–1(a), the issue whether estoppel should be applied is now moot. In light of our holding, we do not address the precedential value of the *Batson* decision.

As modified, the judgment in *London* is affirmed. That part of the judgment in *Batson* that required joint trials is modified and affirmed. In view of that modification, the remainder of the judgment in *Batson* becomes moot. Both cases are remanded to the Law Division to conduct a consolidated trial on all issues.

*For affirmance, modification and remandment*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.